## CROSS *v.* GANNETT.

No right of action upon a promissory note secured by a mortgage of real estate, exists under the provisions of section 6, chapter 181, of the Revised Statutes, as against the statute of limitations, when the mortgage has been foreclosed, and the land thus applied *pro tanto* in payment of the note.

Whether the right of action against the endorser of a promissory note is extended beyond the statute bar, by reason of a mortgage given to secure the liability of the maker, *quære?*

THIS is an action of assumpsit, brought against the defendant as endorser of certain promissory notes which were given by one Maturin B. Hall to the defendant, eighteen or nineteen years ago, and made payable to the defendant or order. At the time of giving the notes Hall executed to the defendant a mortgage of certain real estate in Benton, in this county, to secure their payment. The defendant endorsed the notes, waiving demand and notice, and transferred them to Joseph Bell soon after their date, and at the same time transferred to Bell the mortgage. Bell afterwards, and seventeen or eighteen years ago, sold and delivered the notes and mortgage to the plaintiff, who since, and more than fifteen years ago, foreclosed the right to redeem the mortgaged premises; and for the purpose of this case only, and to have the question settled, whether the plaintiff's

claim against the defendant upon his indorsements of the notes is barred by the statute of limitations, the defendant admits that the value of said premises was not sufficient fully to satisfy said notes. All of the notes became due more than ten years before the commencement of this suit. The mortgage has not been discharged, and the plaintiff is still the owner of said notes, mortgage and mortgaged premises. It was agreed by the parties that if, upon these facts, the court should be of opinion that the action was not barred by the statute of limitations, the cause should stand for trial; otherwise judgment should be rendered for the defendant.

*Hibbard* and *Felton*, for the plaintiff.

*J. S. Bryant*, for the defendant.

SAWYER, J. · The provision of the statute upon which this case depends is contained in section 6, chapter 181, of the Revised Statutes, and is as follows : " Actions upon notes secured by mortgage may be brought, so long as the plaintiff is entitled to commence any action upon the mortgage."

It is clear that the remedy on the notes, whether against the maker or endorser, is barred. When the plaintiff became the absolute owner of the mortgaged premises, by the foreclosure, no action could afterwards be commenced upon the mortgage, as such, within the meaning of the statute. The object of the provision is manifestly to make the remedy of the holder of the note, by suit upon it, coëxtensive with that which he has by action upon the mortgage, for the purpose of making application of the land *pro tanto* for the payment of the debt secured by it. By virtue of the foreclosure he has already applied the land, to the extent of its value at the time of foreclosure, in payment, in whole or in part, of the notes. The

conveyance as a mortgage is *functus officio*, and has become absolute. It may be that if the plaintiff, after the foreclosure, had been disseized of the mortgaged premises, he might, in a writ of entry to recover his seizin, count upon the mortgage as still open, and this might, perhaps, have the effect of a waiver of the foreclosure. But if so, this would furnish no ground for holding that by his electing thus to treat the mortgage as still open, he had restored his remedy on the notes against the statute bar. The action which he is entitled to commence upon the mortgage, within the meaning of the statute, must be understood to be one brought to enforce the security upon the land by foreclosure for the payment of the debt, by an application of the land for that purpose, and not one brought to vindicate the title under the mortgage against a disseizin subsequent to the foreclosure. When no action lies upon the mortgage to foreclose it in order to apply the land to the payment of the debt, because it has already been so applied by a foreclosure, the plaintiff is no longer entitled to commence an action upon the mortgage, as such, within the meaning of the statute, and he is entitled to maintain his action upon the notes after it would otherwise be barred only so long as he has such right of action upon the mortgage.

Another question is presented by the case, which the plaintiff might find it difficult to meet, if there was a necessity for considering it : namely, whether the specific liability, on account of which the right of action on the note is to be considered as extended by this provision of the Revised Statutes, must not be the same as that which the mortgage is given to secure. The mortgage, in this case, was given to secure the liability of the maker. The action is brought on the liability of the endorser. It admits of question whether the statute can be construed to mean any thing more than that an action may be brought, on account of any specific liability, upon the note, so long

as the plaintiff is entitled to maintain an action upon the mortgage, as security for the same liability. Upon this, however, we express no opinion. Upon the other ground, the right of action is barred by the statute of limitations.

*Judgment for the defendant.*